**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jayne M. Sloan,<br><br>        Plaintiff,<br><br>vs.<br><br>Jo Anne Barnhart, Commissioner of the Social Security Administration,<br><br>        Defendant. | No. CV-05-841-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Docs. ##5, 11. The parties have filed responses to the motions and Plaintiff has filed a reply. Docs. ##10, 24. For the reasons set forth below, the Court will grant Plaintiff's motion and deny Defendant's cross-motion.

**Background**

Plaintiff applied for disability insurance benefits and supplemental security income in October 2001, claiming a disability onset date of May 1, 1999. Doc. #3A, Tr. 83-85, 313-15. The applications were denied initially and on reconsideration. Tr. 38-49, 317-27. A hearing before an Administrative Law Judge ("ALJ") was held on March 8, 2004. Tr. 337-63. The ALJ issued a written decision on April 28, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 20-29. This decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for

1 review on February 9, 2005. Tr. 8-10. Plaintiff then commenced this action for judicial
2 review pursuant to 42 U.S.C. § 405(g). Doc. #1.

## Discussion

### I.     Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Id.*

### II.    Analysis.

The ALJ found that Plaintiff had the following severe impairments: seizures, diabetes, essential tremors, status post cervical spine fracture, hypertension, and anxiety disorder. Tr. 22, 28 ¶ 3. The ALJ concluded that these impairments were not severe enough to meet or medically equal a listed impairment. Tr. 22, 28 ¶ 4. The ALJ further concluded that Plaintiff was able to perform a range of light work and that such work exists in significant numbers in the national economy. Tr. 26, 28 ¶¶ 9-10.

Plaintiff argues that the ALJ erred by rejecting the opinions of examining doctors, basing the residual functional capacity determination on the opinions of non-examining psychologists, and discounting Plaintiff's testimony. Doc. #7 at 2-12. Defendant contends that the ALJ did not err and that her decision is supported by substantial evidence. Doc. #13 at 2-6.

**A.     Did the ALJ Err by Rejecting the Opinions of Examining  Doctors?**

**1.     The Opinion of Sandra Graff, Ed.D.**

Dr. Sandra Graff examined Plaintiff for two days on October 7 and 8, 2003. Tr. 273. Dr. Graff diagnosed Plaintiff with anxiety, panic, and somatoform disorders. Tr. 279. Dr. Graff opined that Plaintiff's disorders and level of emotional instability would cause

1 severe limitations in her ability to relate to other people and respond appropriately to
2 supervision, co-workers, and work pressures.  Tr. 279-80, 288.

3 　　　　　The ALJ rejected Dr. Graff's opinion as "inconsistent with her [own] findings which
4 showed no significant deficits" and because she stated that Plaintiff's "concentration,
5 attention and memory are adequate."  Tr. 25 (citing Tr. 274).  Plaintiff argues that the ALJ
6 erred in rejecting Dr. Graff's opinion.  Doc. #7 at 3-6.  The Court agrees.

7 　　　　　To reject the opinion of an examining doctor, even if that opinion is contradicted by
8 another doctor, the ALJ must set forth "specific and legitimate reasons that are supported by
9 substantial evidence in the record."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see*
10 *Regennitter v. Comm'r of Soc. Sec. Admin*, 166 F.3d 1294, 1298-99 (9th Cir. 1999).  "'The
11 ALJ can meet this burden by setting out a detailed and thorough summary of the facts and
12 conflicting clinical evidence, stating [her] interpretation thereof, and making findings.'"
13 *Magallanes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.
14 1986)).  "[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion[.]"
15 *Regennitter*, 166 F.3d at 1299.

16 　　　　　In this case, the ALJ rejected Dr. Graff's opinion in part because her findings "showed
17 no significant deficits."  Tr. 25.  Dr. Graff found, however, that "there were deficits in
18 insight" and that "[a] deficit was shown to exist in terms of processing speed[.]"  Tr. 274,
19 278.  The ALJ failed to explain why those deficits are not significant or why the lack of
20 unspecified "significant deficits" is inconsistent with Dr. Graff's other findings and overall
21 opinion regarding Plaintiff's limitations.

22 　　　　　The other reason the ALJ gave for rejecting the opinion was Dr. Graff's observation
23 that Plaintiff's "concentration, attention and memory are adequate."  Tr. 25 (citing Tr. 274).
24 Dr. Graff, however, made this observation at the outset of her report and qualified it by
25 stating that Plaintiff exhibited concrete thinking that "would interfere with decision-making
26 and ability to function . . . when faced with occupational competition."  Tr. 274, 278.
27 Dr. Graff also stated that Plaintiff "was observed to work under a lot of pressure and became
28 easily rattled and distracted."  Tr. 274.  She then discussed numerous test results, diagnosed

1  Plaintiff with various mental disorders, and found that those disorders and the level of
2  Plaintiff's emotional instability "preclude[d] her from applying solidly average learning
3  aptitude and academic skills effectively and productively in a full/part-time competitive
4  employment situation." Tr. 274-81, 288. The ALJ failed to explain why all of Dr. Graff's
5  diagnoses and medical findings are inconsistent with a single observation that Plaintiff's
6  concentration, attention, and memory were adequate.

7  "'The ALJ must do more than offer [her] own conclusions. [She] must set forth [her]
8  own interpretations and explain why they, rather than [Dr. Graff's], are correct."
9  *Regennitter*, 166 F.3d at 1299 (quoting *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.
10 1988)). The ALJ's rejection of Dr. Graff's opinion was in error and is not supported by
11 substantial evidence. *See Edlund v. Massanari*, 253 F.3d 1152, 1158-60 (9th Cir. 2001)
12 (holding that the ALJ's rejection of an examining psychologist's opinion was in error and not
13 supported by substantial evidence where the ALJ selectively focused on aspects of the
14 opinion suggesting non-liability and failed to discuss the findings that the plaintiff's anxiety
15 disorder seriously limited his ability to relate to other people and respond appropriately to
16 supervision and work pressures); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)
17 (holding that the ALJ erred by selectively relying on a doctor's treatment notes and failing
18 to read the doctor's statements in the "context of the overall diagnostic picture he [drew]");
19 *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996) (holding that the ALJ erred by failing
20 to set forth specific and legitimate reasons for discrediting an examining psychologist's
21 opinion); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) ("[H]ere, where the Secretary
22 has failed to advance any legitimate reasons for disregarding the examining physician's
23 medical findings, reports, and opinion, we hold that substantial evidence does not support the
24 Secretary's decision.").

25 Defendant asserts that the ALJ properly rejected Dr. Graff's opinion based on the
26 conflicting opinion of a non-examining psychiatrist, Dr. Edward Jasinski. Doc. #13 at 3-4.
27 The ALJ, however, explicitly stated that she was "relying on the findings in Dr. Graff's
28 consultive evaluation and <u>not</u> the conclusion as testified by [Dr. Jasinski]." Tr. 25 (emphasis

in original); *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."); *Pitzer*, 908 F.2d at 506 n.4 ("The nonexamining physicians' conclusions, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician."). Moreover, Dr. Jasinski disagreed with Dr. Graff's opinion because Plaintiff had been treated for her mental disorders on only six occasions. Tr. 350; *see* Tr. 24. This was an insufficient ground for discrediting Dr. Graff's opinion. *See Regennitter*, 166 F.3d at 1299-1300 ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting *Nguyen*, 100 F.3d at 1465).

### 2. The Opinion of Robert Narvaiz, M.D.

State agency physician Robert Narvaiz examined Plaintiff on March 12, 2002. Tr. 188. Plaintiff told Dr. Narvaiz that she has difficulty being around other people and that she gets nervous very easily and sometimes cannot perform. Tr. 190. Dr. Narvaiz diagnosed Plaintiff with anxiety and panic attack disorders and stated that social phobia could not be ruled out. *Id.* He found that Plaintiff was seriously limited in her ability to relate to coworkers, interact with supervisors, and deal with the public and work stresses. Tr. 191.

Plaintiff argues that the ALJ ignored, and thereby rejected, the opinion of Dr. Narvaiz. Doc. #3-7. The ALJ stated that she generally agreed with the State agency physicians' opinions regarding Plaintiff's mental capabilities. Tr. 25. Citing Dr. Narvaiz's evaluation report, the ALJ noted that Plaintiff "could remember four out of four objects immediately, three out of four after five minutes, [and] had good command of information and knew the current president, the [president] that was assassinated in the 1960's and the first president." *Id.* (citing Tr. 189-90). The ALJ, however, failed to consider Dr. Narvaiz's medical findings regarding Plaintiff's mental disorders and her limited ability to relate to others and deal with work stresses. This constitutes legal error. *See* 20 C.F.R. §§ 404.1527(b), 416.927(b)

1  ("In deciding whether you are disabled, we will always consider the medical opinions in your
2  case record together with the rest of the relevant evidence we receive."); 20 C.F.R. §§
3  404.1520(a)(3), 416.920(a)(3) ("We will consider all evidence in your case record when we
4  make a determination or decision whether you are disabled."); *Smolen v. Chater*, 80 F.3d
5  1273, 1286 (9th Cir. 1996) (holding that the ALJ erred by disregarding physicians' opinions
6  and making contrary findings, thereby "effectively reject[ing] them"); *Ramirez v. Shalala*,
7  8 F.3d 1449, 1451-52 (9th Cir. 1993) ("We conclude that both the ALJ and the Appeals
8  Council improperly disregarded Dr. Townsend's opinion that Ramirez suffered from an
9  affective disorder[.]").

10  The Court will grant Plaintiff's motion and deny Defendant's cross-motion with
11  respect to whether the ALJ improperly rejected the opinions of examining doctors. Based
12  on the ruling below, the Court need not determine whether the ALJ also erred by basing the
13  residual functional capacity determination on the opinions of non-examining psychologists
14  and by discounting Plaintiff's testimony.

15  **B.     The Decision to Remand for Further Proceedings or an Award of Benefits.**

16  Having decided to vacate the ALJ's decision, the Court has the discretion to remand
17  the case for further development of the record or for an award benefits. *See Reddick v.*
18  *Chater*, 157 F.3d 715, 728 (9th Cir. 1998). The Court of Appeals for the Ninth Circuit has
19  provided guidance for the appropriate exercise of that discretion. *See Harman v. Apfel*, 211
20  F.3d 1172, 1178 (9th Cir. 2000). According to the Ninth Circuit, evidence should be credited
21  and an action remanded for an immediate award of benefits when the following three factors
22  are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting
23  evidence, (2) there are no outstanding issues that must be resolved before a determination of
24  disability can be made, and (3) it is clear from the record that the ALJ would be required to
25  find the claimant disabled were such evidence credited. *Id.* (quoting *Smolen*, 80 F.3d at
26  1292).

27  In this case, the opinions of Drs. Graff and Narvaiz must be credited as true because
28  the ALJ failed to provide legally sufficient reasons for rejecting the opinions. *See id.*;

1   *Edlund*, 253 F.3d at 1160 ("[B]ecause the ALJ 'failed to provide adequate reasons for
2   rejecting the opinion of a treating or examining physician, we credit that opinion as a matter
3   of law.'") (alteration and citation omitted); *Benecke v. Barnhart*, 379 F.3d 587, 594-95
4   (9th Cir. 2004) ("Because the ALJ failed to provide legally sufficient reasons for rejecting
5   . . . [the] treating physicians' opinions, we credit the evidence as true. . . . Allowing the
6   Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play
7   again' system of disability benefits adjudication."). Dr. Graff opined that the limitations
8   caused by Plaintiff's mental impairments have lasted or can be expected to last for twelve
9   months or longer. Tr. 281, 289. It is undisputed that the limitations described in the
10  evaluation reports of Drs. Graff and Narvaiz preclude Plaintiff from performing both her past
11  work and all other work in the national economy. Tr. 21, 26, 359, 362. It is thus clear from
12  the record that Plaintiff is disabled within the meaning of the Social Security Act. *See* 20
13  C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v) (setting forth the five-step disability
14  evaluation process); *Smolen*, 80 F.3d at 1292 ("The record is fully developed and,
15  considering the evidence that the ALJ improperly discredited, a finding of disability is clearly
16  required.").[1] The Court accordingly will remand the case to Defendant for an award of
17  benefits. *See id.* ("Smolen has already waited over seven years for her disability
18  determination, and additional proceedings would only delay her receipt of benefits.
19  Therefore, we . . . remand for determination of benefits."); *Benecke*, 379 F.3d at 596
20  (reversing the district court's decision to remand for further proceedings rather than an award
21  of benefits where it was clear from the record that the plaintiff was disabled).

---

[1] It appears from Dr. Graff's opinion that Plaintiff's mental impairments meet the listing for anxiety-related disorders. *See* Tr. 280; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings[,] . . . we will find you disabled."). The ALJ, however, did not consider Listing 12.06 or provide any explanation for her conclusion that Plaintiff's impairments did not meet or equal a listed impairment. Tr. 22; *see Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.").

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. #5) is **granted** and Defendant's cross-motion for summary judgment (Doc. #11) is **denied**.

2. Defendant's administrative decision is **vacated**.

3. The case is **remanded** to Defendant for an award of benefits.

DATED this 5th day of April, 2006.

_____
David G. Campbell
United States District Judge