**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jayne M. Sloan, | No. CV-05-841-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court is a motion for award of attorney fees filed by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Dkt. #20. Defendant does not oppose the motion. Dkt. #22. As explained below, the Court will grant the motion and award counsel $12,283.50 in attorneys' fees.

**I.    Background.**

Plaintiff applied for social security benefits in October 2001. Defendant denied the application. Plaintiff then commenced this action for judicial review. Dkt. #1.

On April 6, 2006, the Court granted summary judgment in Plaintiff's favor and remanded the case to Defendant for an award of benefits. Dkt. #16. Pursuant to the parties' stipulation, the Court awarded Plaintiff's counsel, Mark Caldwell, $3,405.12 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. ##18-19.

On remand, Defendant awarded Plaintiff $49,134 in past-due benefits. Dkt. #21, Ex. A at 3. Defendant withheld 25 percent of that amount – $12,283.50 – for the payment of potential attorneys' fees. *Id.*

**II.    Analysis.**

The fee agreement between Mr. Caldwell and Plaintiff provides that Mr. Caldwell shall receive 25 percent of the past-due benefits awarded to Plaintiff as result of Mr. Caldwell's representation. Dkt. #21, Ex. B. The agreement indicated that the total fee could amount to several thousand dollars or several hundred dollars on an hourly basis and that counsel was accepting Plaintiff's case because of the possibility of obtaining substantial fees. *Id.* The agreement further indicated that the award of fees in this case was governed by 42 U.S.C. § 406(b), a copy of which was attached to the agreement. *Id.*

Mr. Caldwell requests a fee award totaling $8,878.38, which represents 25 percent of the $49,134 in past-due benefits awarded to Plaintiff less the $3,405.12 paid under the EAJA. *Id.* at 2. Mr. Caldwell argues that the fee request is reasonable under 42 U.S.C. § 406(b). *Id.* at 2-5.

Section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security

1 benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as
2 an independent check, to assure that they yield reasonable results in particular cases." 535
3 U.S. at 807. The Court noted that "Congress has provided one boundary line: Agreements
4 are unenforceable to the extent that they provide for fees exceeding 25 percent of the
5 past-due benefits." *Id.*

6 In this case, Mr. Caldwell seeks payment of the fees he incurred in representing
7 Plaintiff before the Court. The schedule of services attached to Mr. Caldwell's motion shows
8 that he spent a total of 21.7 hours in this matter. Dkt. #21, Ex. C. Mr. Caldwell states he has
9 no normal hourly rate because he accepts cases only on a contingent-fee basis, but that the
10 median hourly rate of attorneys with his experience is $225 per hour. *Id.* at 9.

11 If counsel were to receive the full 25 percent of past-due benefits as provided in the
12 fee agreement, he would receive a fee equivalent to roughly two and a half times the median
13 hourly rate of $225 (i.e., $12,283.50/21.7 hours = $566 per hour). Having considered the
14 reasonableness factors set forth in *Gisbrecht*, the Court concludes that $566 per hour is a
15 reasonable rate. Mr. Caldwell achieved a favorable result for Plaintiff and should be
16 compensated above a normal hourly rate to recognize the risks involved in contingent fee
17 litigation. The Court will award Mr. Caldwell $12,283.50 for his representation of Plaintiff
18 before the Court. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003)
19 (awarding counsel nearly three times the amount of his normal hourly rate); *Grunseich v.*
20 *Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600);
21 *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-67 (N.D. Ga. 2005) (awarding hourly rate of
22 $643); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (awarding fee
23 equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772-73 (W.D.
24 Va. 2003) (awarding fee equivalent to $977 hourly rate).

25 The Court will deny counsel's request to award him only $8,878.38, which represents
26 the § 406(b) award less the EAJA award previously paid to counsel. The Court must award
27 the full § 406(b) award and direct counsel to refund to Plaintiff the smaller EAJA award. *See*
28 *Gisbrecht*, 535 U.S. at 796; *Yarnevic*, 359 F. Supp. 2d at 1366.

**IT IS ORDERED:**

1. The motion for award of attorney fees (Dkt. #20) filed by Plaintiff's counsel, Mark Caldwell, is **granted** pursuant to 42 U.S.C. § 406(b). Mr. Caldwell is awarded **$12,283.50** in attorney fees, to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits.

2. Defendant shall pay Mr. Caldwell **$12,283.50** within 30 days from the date of this order.

3. Mr. Caldwell shall reimburse Plaintiff **$3,405.12**, the amount previously paid by the Government under the Equal Access to Justice Act, within 30 days from the date of this order.

4. Mr. Caldwell shall provide Plaintiff with a copy of this order.

DATED this 24th day of April, 2007.

_David G. Campbell_
United States District Judge